**LATHAM & WATKINS LLP**
JOSEPH R. WETZEL (SBN 238008)
 joe.wetzel@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
 brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*pro hac vice* forthcoming)
 sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

*Attorneys for Defendant*
*Together Computer, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DARIUS H. JAMES, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>TOGETHER COMPUTER, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:25-cv-09578-RFL<br><br>**TOGETHER COMPUTER, INC.'S ANSWER TO COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8, Defendant Together Computer, Inc. ("Together AI"), by and through its undersigned attorneys, hereby answers the Class Action Complaint and Demand for Jury Trial ("Complaint") filed on November 6, 2025 by Plaintiff Darius H. James, individually and on behalf of others similarly situated, as follows. All allegations not specifically admitted herein are denied.

1

## OVERVIEW[1]

2    1.    Together AI admits that artificial intelligence ("AI") can involve software engineered to

3    mimic human-like reasoning and inference through algorithmic processes leveraging statistical

4    models, but that is not the full scope of AI's capabilities.

5    2.    Together AI admits large language models ("LLMs") are AI software programs designed

6    to reply to user prompts with natural-sounding text outputs, among many other uses.

7    3.    Together AI admits that LLMs are trained by processing vast quantities of text from diverse

8    sources (a "training dataset"), learning generalized statistical patterns and associations within that

9    data, and encoding those abstract representations into a vast array of numerical values known as

10    parameters.  Together AI admits that these parameters emerge from the collective structure of the

11    entire training dataset on which an LLM was trained, which given the diversity and the requisite

12    volume of data needed to train an LLM, may include copyrightable content.  Together AI admits

13    that when an LLM generates text in response to a prompt, it performs probabilistic computations

14    over these parameters to produce coherent, contextually relevant output that generalizes from the

15    learned patterns.

16    4.    The allegations in this paragraph contain legal conclusions to which no response is

17    required.  To the extent a response is required, Together AI lacks knowledge or information

18    sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiff's

19    copyright ownership, and on that basis denies those allegations.  Together AI denies all other

20    allegations.

21    5.    The allegations in this paragraph contain legal conclusions to which no response is

22    required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

23

24

25

---

26    [1] The various headings and subheadings of the Complaint are not allegations and thus do not
require a response.  Together AI reproduces them in this Answer solely for convenience.  To the
27    extent a response is required, Together AI denies any allegations contained in the headings and
subheadings of the Complaint.

28

1

## JURISDICTION AND VENUE

2      6.  For the purposes of this action, Together AI does not contest subject matter jurisdiction.

3  This paragraph otherwise contains legal conclusions to which no response is required.

4      7.  For the purposes of this action, Together AI does not contest personal jurisdiction.  This

5  paragraph otherwise contains legal conclusions to which no response is required.  To the extent a

6  response is required, Together AI denies the allegations of this paragraph.

7      8.  For the purposes of this action, Together AI does not contest venue in this District.  This

8  paragraph otherwise contains legal conclusions to which no response is required.

9

## THE PARTIES

10     9.  Together AI lacks knowledge or information sufficient to admit or deny the allegations of

11  this paragraph, and on that basis denies them.

12     10. Together AI lacks knowledge or information sufficient to admit or deny the allegations of

13  this paragraph, and on that basis denies them.

14     11. Together AI admits that it is a Delaware corporation and that its principal place of business

15  is at 251 Rhode Island Street, Suite 200, San Francisco, CA 94103.

16     12. The allegations in this paragraph contain legal conclusions to which no response is

17  required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

18     13. The allegations in this paragraph contain legal conclusions to which no response is

19  required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

20

## FACTUAL ALLEGATIONS

21     14. Together AI admits that it contributes leading open-source research, models, and datasets

22  to advance the frontier of AI.  Its purpose-built AI cloud platform empowers developers and

23  researchers at organizations of all sizes to train, fine-tune, and deploy generative AI models.

24     15. Together AI admits that it is one of the collaborators that created the RedPajama dataset,[2]

25  which consisted of publicly available datasets compiled by third parties, and that RedPajama's

26

27  [2] As used herein, the RedPajama dataset refers to the dataset known as RedPajama-V1 or
RedPajama-Data-1T.

28

1    intended use is for training LLMs.    Together AI denies the remaining allegations and

2    characterizations in this paragraph.

3    16. Together AI admits that when released in April 2023, the RedPajama dataset contained a

4    subset of the Books3 dataset.  To the extent the allegations in this paragraph purport to quote from

5    the document cited in a footnote, the document speaks for itself.  Together AI otherwise lacks

6    knowledge or information sufficient to admit or deny the remaining allegations of this paragraph,

7    and on that basis denies them.

8    17. Together AI lacks knowledge or information sufficient to admit or deny the allegations of

9    this paragraph, and on that basis denies them.

10    18. Together AI lacks knowledge or information sufficient to admit or deny the allegations of

11    this paragraph, and on that basis denies them.

12    19. Together AI admits that when released in April 2023, the RedPajama dataset contained a

13    subset of the Books3 dataset.  Together AI denies the remaining allegations and characterizations

14    in this paragraph.

15    20. Together AI admits that the RedPajama dataset contains a subsection for Books.  When the

16    RedPajama dataset was released in April 2023, a subset of the Books3 dataset was one of the

17    datasets included in the Books section.  To the extent the allegations in this paragraph purport to

18    quote from or characterize information contained in the document cited in a footnote, the document

19    speaks for itself.  Together AI otherwise lacks knowledge or information sufficient to admit or

20    deny the remaining allegations of this paragraph, and on that basis denies them.

21    21. Together AI lacks knowledge or information sufficient to admit or deny the allegations of

22    this paragraph, and on that basis denies them.

23    22. Together AI admits that on April 17, 2023, it published a blog post acknowledging itself

24    as a collaborator on the RedPajama dataset and announced the RedPajama project publicly on the

25    X platform.  Together AI denies the remaining allegations and characterizations in this paragraph.

26    23. Admitted.

27

28

24. Together AI admits that the Hugging Face webpage for downloading the RedPajama dataset currently states: "The 'book' config is defunct and no longer accessible due to reported copyright infringement for the Book3 dataset contained in this config."  Together AI admits that the RedPajama dataset released in April 2023 contained a subset of the Books3 dataset.  Books3 was removed from the RedPajama dataset on April 12, 2024.

25. To the extent the allegations in this paragraph purport to quote from or characterize information contained in the document cited in a footnote, the document speaks for itself.  Together AI admits that the purpose of its dataset is for others to train their LLMs.  Together AI otherwise denies the allegations and characterizations in this paragraph.

26. Together AI admits that the RedPajama dataset released in April 2023 contained a subset of the Books3 dataset.  Together AI lacks knowledge or information sufficient to admit or deny any allegations about the works of Plaintiff and alleged members of the class, and on that basis denies them.  Together AI denies the remaining allegations and characterizations in this paragraph.

27. Together AI admits that the blog post it published on May 9, 2023 about the RedPajama-INCITE models (not the RedPajama dataset) provides examples of the "interest" received from third parties, including Chai Research, about one of the models.  The blog post notes: "Chai Research, the provider of a social chatbot platform, announced a contest to create the best chatbot by fine-tuning RedPajama-INCITE-3B, with a $1M prize for the winner!"  Together AI denies the remaining allegations and characterizations in this paragraph.

28. Together AI admits that it reported the RedPajama dataset was downloaded more than 190,000 times as of October 30, 2023.  Together AI denies the remaining allegations and characterizations in this paragraph.

29. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

## CLASS ALLEGATIONS

30. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

31. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

32. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

33. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

34. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

35. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

36. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

## FIRST CAUSE OF ACTION

### Direct Copyright Infringement

### (17 U.S.C. § 501)

### (On Behalf of Plaintiff and the Class)

37. Together AI incorporates by reference its response to all allegations set forth in paragraphs 1–36 as if fully set forth herein.

38. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiff's copyright ownership, and on that basis denies those allegations.

39. Together AI admits that the RedPajama dataset released in April 2023 contained a subset of the Books3 dataset. Together AI lacks knowledge or information sufficient to admit or deny any allegations about the works of Plaintiff and alleged members of the class, and on that basis denies them. Together AI denies the remaining allegations and characterizations in this paragraph.

40. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

41. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

42. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

43. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

44. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

45. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

### (17 U.S.C. § 501 *et seq.*)

### (On behalf of Plaintiff and the Class)

46. Together AI incorporates by reference its response to all allegations set forth in paragraphs 1–45 as if fully set forth herein.

47. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

48. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

49. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

50. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

1    51. The allegations in this paragraph contain legal conclusions to which no response is

2    required. To the extent a response is required, Together AI denies the allegations of this paragraph.

3                                    **PRAYER FOR RELIEF**

4        In response to the Prayer for Relief, Together AI denies that Plaintiff or alleged members

5    of the class are entitled to each of the requested relief, or to any relief whatsoever.

6        a.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

7    each of the requested relief, or to any relief whatsoever.

8        b.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

9    each of the requested relief, or to any relief whatsoever.

10       c.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

11   each of the requested relief, or to any relief whatsoever.

12       d.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

13   each of the requested relief, or to any relief whatsoever.

14       e.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

15   each of the requested relief, or to any relief whatsoever.

16       f.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

17   each of the requested relief, or to any relief whatsoever.

18       g.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

19   each of the requested relief, or to any relief whatsoever.

20       h.    In response to the Prayer for Relief, Together AI denies that Plaintiff is entitled to

21   each of the requested relief, or to any relief whatsoever.

22                                    **JURY TRIAL DEMAND**

23       Together AI states that no response is required. To the extent a response is deemed

24   required, Defendant denies that all of Plaintiff's claims are properly triable to a jury.

25                                    **AFFIRMATIVE DEFENSES**

26       In further answer to the allegations made by Plaintiff in the Complaint, Together AI asserts

27   the following affirmative defenses, without assuming the burden of proof on such defenses that

28

would otherwise fall on Plaintiff.  Together AI reserves the right to supplement or amend these defenses during and after the course of discovery, and does not knowingly or intentionally waive any applicable affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

### (No Class Should be Certified)

No class should be certified because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claims fail, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Together AI.

### THIRD AFFIRMATIVE DEFENSE

### (Wholly or Partially Invalid Copyright)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's copyrights are wholly or partially invalid on one or more grounds, including lack of originality, the idea/expression dichotomy, the merger doctrine, the scènes à faire doctrine, under 17 U.S.C. § 102(b), or any other ground for invalidity.

### FOURTH AFFIRMATIVE DEFENSE

### (Invalid Copyright Registrations)

Plaintiff's claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

1

2

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff's claims fail, in whole or in part, to the extent Plaintiff lacks Article III standing and cannot show, on a work-by-work basis, that Plaintiff has legal or beneficial ownership sufficient to establish standing to sue for copyright infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (No Actionable Copy)

To the extent Plaintiff asserts additional copies of the literary works at issue are made as part of the creation of the RedPajama dataset, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to show that alleged copies exist for more than a transitory duration.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Volitional Conduct)

Together AI did not have the volition required to be liable for copyright infringement.

## EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis* Copying)

To the extent there is copying of copyrightable expression, that copying is *de minimis*.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's remedies are barred, at least in part, by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Exhaustion)

Plaintiff's claims fail, in whole or in part, because Plaintiff is barred by the first sale doctrine, and copyright exhaustion principles, under 17 U.S.C. § 109.

**ELEVENTH AFFIRMATIVE DEFENSE**

(**Fair Use**)

Plaintiff's claims fail, in whole or in part, because to the extent there is any unauthorized copying of Plaintiff's registered copyrighted works, that copying constitutes fair use under 17 U.S.C. § 107.

**TWELFTH AFFIRMATIVE DEFENSE**

(**Implied/Express License**)

Plaintiff's claims fail, in whole or in part, because the complained-of use was authorized by express or implied license.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(**Waiver, Estoppel, Acquiescence, Laches**)

Plaintiff's claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, acquiescence, and laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(**Copyright Misuse/Unclean Hands**)

Plaintiff's claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(**Abandonment**)

Plaintiff's claims are barred, in whole or in part, to the extent the copyrights at issue have been abandoned.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(**No Predicate Act of Direct Infringement**)

Plaintiff's contributory infringement claim is barred because there is no direct infringement.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Limits to Statutory Damages Based on 17 U.S.C. § 504(c)(1))**

To the extent Plaintiff establishes any act of infringement, Plaintiff's remedies are limited to the extent Plaintiff asserts works that have either been registered in or sold as a compilation or collective work.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

To the extent Plaintiff establishes any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. *See* 17 U.S.C. § 504(c)(2).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

To the extent Plaintiff establishes any act of infringement, that infringement was not willful. Together AI had and still has the reasonable, sincere belief that compiling data to train LLMs constitutes fair use, and therefore, is not an infringement of copyright.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Contribution, Double Recovery, Value Already Received)**

To the extent Plaintiff has been compensated in relation to the works at issue, Plaintiff is barred by the prohibition against double recovery.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff is barred from recovery of damages because of and to the extent of Plaintiff's failure to mitigate Plaintiff's alleged damages (to which, in any event, Plaintiff is not entitled).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Limits to Statutory Damages Based on the Windfall Principle)**

To the extent Plaintiff establishes any act of infringement, Plaintiff is at most entitled only to the minimum statutory damages on Plaintiff's claims because Plaintiff cannot substantiate actual

damages on a work-by-work basis and because the actual economic value of an individual work is negligible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Due Process and Other Constitutional Limitations)

To the extent Plaintiff seeks damages that are disproportionately higher than compensatory damages, Plaintiff's remedies are limited by the Due Process Clause of the Fifth Amendment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

Plaintiff failed to state facts sufficient to support a claim for injunctive relief, including because any injury to them is not irreparable, there is an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## RESERVATION OF ADDITIONAL DEFENSES

Together AI's investigation of the claims and its defenses is continuing. Together AI has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Together AI reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

Therefore, Together AI respectfully requests that this Court:

1. Enter judgment in Together AI's favor and against Plaintiff;

2. Deny certification of any class;

3. Dismiss the claims by Plaintiff with prejudice;

4. Award Together AI its costs of suit;

5. Award Together AI its attorneys' fees to the extent permitted by law; and

6. Grant Together AI such other and further relief as this Court deems just and proper.

Dated:  January 8, 2026                     Respectfully submitted,

                                            LATHAM & WATKINS LLP

                                            By: */s/ Joseph R. Wetzel*
                                            Joseph R. Wetzel (Bar No. 238008)
                                              joe.wetzel@lw.com
                                            Brittany N. Lovejoy (SBN 286813)
                                              brittany.lovejoy@lw.com
                                            505 Montgomery Street, Suite 2000
                                            San Francisco, CA 94111
                                            Telephone: +1.415.391.0600

                                            Sarang V. Damle (*pro hac vice* forthcoming)
                                              sy.damle@lw.com
                                            555 Eleventh Street, NW, Suite 1000
                                            Washington, D.C. 20004
                                            Telephone: +1.202.637.2200

                                            *Attorneys for Defendant Together Computer,*
                                            *Inc.*