| | |
|---|---|
| **MCGUIRE LAW, P.C.**<br>Eugene Y. Turin (SB # 342413)<br>1089 Willowcreek Road, Suite 200<br>San Diego, CA 92131<br>Tel: (312) 893-7002 Ex. 3<br>Fax: 312-275-7895<br>Email: eturin@mcgpc.com<br><br>David L. Gerbie (*pro hac vice*)<br>Jordan R. Frysinger (*pro hac vice*)<br>Donald S. Cuba II (*pro hace vice*)<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>Tel: (312) 893-7002<br>Fax: (312) 275-7895<br>Email: dgerbie@mcgpc.com<br>Email: jfrysinger@mcgpc.com<br>Email: dcuba@mcgpc.com<br><br>*Counsel for Plaintiff and the Putative Class Members* | **LATHAM & WATKINS LLP**<br>Joseph R. Wetzel (SB # 238008)<br>Brittany N. Lovejoy (SB # 286813)<br>505 Montgomery St., Suite 2000<br>San Francisco, CA 94111<br>Tel: (415) 395-8500<br>Fax: (415) 395-8095<br>Email: joseph.wetzel@lw.com<br>Email: brittany.lovejoy@lw.com<br><br>Sarang Damle (*pro hac vice*)<br>555 Eleventh St., NW, Suite 1000<br>Washington, DC 20004<br>Tel: (202) 637-2200<br>Email: sy.damle@lw.com<br><br>Cory D. Struble (*pro hac vice*)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: (212) 906-1895<br>Email: cory.struble@lw.com<br><br>*Attorneys for Defendant Together Computer, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS H. JAMES, individually and on behalf of similarly situated individuals,<br><br>   Plaintiff,<br><br>   v.<br><br>TOGETHER COMPUTER, INC., a Delaware corporation,<br><br>   Defendant. | Case No. 3:25-cv-09578-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Date:   February 18, 2026<br>Time:   10:00 AM<br>Judge:  Hon. Rita F. Lin |

1

Pursuant to the Court's Order dated December 30, 2025 (ECF No. 21), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Darius H. James ("Plaintiff") and Defendant Together Computer, Inc. ("Defendant") met and conferred on January 27, 2026, and hereby submit this Joint Case Management Statement and Rule 26(f) Report.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because the action arises under the Copyright Act, 17 U.S.C. § 501, *et seq*. ("Copyright Act"). This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District. This case is properly assigned to this Division because, under Civil Local Rule 3-2(c), Plaintiff may elect to file a case pertaining to intellectual-property rights in any Division within the District. Defendant was properly served with Plaintiff's Class Action Complaint. (ECF No. 1) ("Complaint").

## II. FACTS

### a. Plaintiff's Statement

Defendant operates as an AI company that develops and shares research, models, and datasets with the broader AI community while offering a cloud platform for organizations to train, fine-tune, and deploy generative AI models. To encourage more AI startups and users to adopt (and pay for) its cloud services, Defendant assembled, created, copied, and released the RedPajama dataset ("RedPajama") for download in April of 2023.

A significant portion of RedPajama included a subset known as RedPajama-Books, which was a deduplicated copy of the Books3 dataset. Books3, originally incorporated into EleutherAI's "The Pile" dataset, comprised a large collection of fiction and nonfiction books sourced from the Bibliotik private torrent tracker—a repository widely recognized for containing pirated and unauthorized copies of published works. Plaintiff, an author whose registered copyrighted books appear in Books3 (along with those of proposed class members), alleges that Defendant

downloaded, copied, stored, deduplicated and republished his copyrighted works as a result of Defendant's assemblance and creation of RedPajama.

Defendant further encouraged widespread downloading and copying of the RedPajama dataset. Its public promotion and efforts reportedly resulted in over 190,000 downloads of the infringing material between April and October of 2023. Plaintiff alleges that Defendant facilitated these third-party infringements with actual or red-flag knowledge of the pirated content, materially contributing to further infringement by creating and distributing the dataset, and encouraging unregulated copying and use.

   **b.**  **Defendant's Statement**

Together is a research-driven artificial intelligence ("AI") company that empowers developers and researchers at organizations of all sizes to train, fine-tune, and deploy generative AI models. It is dedicated to the principle that open and transparent AI systems will drive innovation and create the best outcomes for society. To that end, Together contributes leading open-source research, models, and datasets in order to advance the frontier of AI. In doing so, it lowers the barriers to entry for those seeking to customize generative AI models that result from the enormous computing power and complicated infrastructure needed to train large language models ("LLMs"). Together's suite of cost-effective and easy-to-use AI infrastructure solutions on its cloud platform makes it possible for others to build on and run models tailored to their needs, enhances accessibility of AI models, and promotes innovation.

This action concerns an open-source dataset called RedPajama that Together and several nonparties, including Stanford University, Université de Montréal, ETH Zurich, and Ontocord.ai, created for the purpose of training LLMs. RedPajama launched in April 2023 and contained a variety of data sources, including, among others, a dataset consisting of books for use in training LLMs. Plaintiff, an author, claims that certain books he authored were among the books included in RedPajama, and asserts copyright infringement on that basis. In April 2024—more than a year and a half before this litigation began—Together voluntarily removed the books dataset from

RedPajama. But Plaintiff now claims copyright infringement based on prior inclusion of his books in RedPajama and contributory copyright infringement based on "[u]nknown third parties" using RedPajama. Plaintiff also seeks to represent a broad and diverse class of copyright owners whose works were also allegedly included in RedPajama. For the reasons discussed in detail in Section III, Plaintiff's claims lack merit and are not suitable for class treatment.

### III. LEGAL ISSUES

#### a. Plaintiff's Statement

Plaintiff notes that Defendant's citations below to caselaw and legal argument (as opposed to identification of legal issues) are misplaced in a joint case management statement. As to the viability of Plaintiff's claims and the propriety of class resolution, the *Bartz et al. v. Anthropic PBC*, No. 24-cv-05417 (N.D. Cal.) case speaks for itself. As reflected in Plaintiff's Complaint, the principal legal issues presented in this case include, but are not limited to, the following:

1. Whether Defendant violated the copyrights of Plaintiff and the Class by downloading, copying, storing, and/or using certain books in which Plaintiff and members of the proposed Class hold copyrights (the "Infringed Works");

2. Whether Defendant knew of and materially contributed to the downloading, storage, retention, and/or copying of the Infringed Works by third parties;

3. Whether Plaintiff and members of the proposed Class are entitled to actual and/or statutory damages for the aforementioned violations; and

4. Whether Defendant caused further infringement of the Infringed Works by distributing the pre-training dataset under an open license.

#### b. Defendant's Statement

As an initial matter, Plaintiff's claims are not suitable for class treatment under Rule 23. Copyright claims involve individualized issues that make them "poor candidates for class-action treatment." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) (denying class certification for copyright infringement claims). The proposed class encompasses owners of

1  numerous types of diverse works, each requiring individualized proof for the basic elements of a copyright claim, such as ownership and validity, and individualized defenses, among other things, rendering class treatment unworkable. *See id*. at 722 (reasoning that inquiries "will depend upon facts and circumstances unique to each work and copyright claimant"); *see also*, *e.g.*, *Football Ass'n Premier League Ltd. v. YouTube, Inc*., 297 F.R.D. 64, 68 (S.D.N.Y. 2013) (denying class certification where copyright claims "require[d] individualized evidence" and involved "issues aris[ing] from facts peculiar to each protected work"). And that is before addressing individual issues arising from a range of affirmative defenses and the nature or amount, if any, of harm to copyright plaintiffs with standing to bring claims, among other reasons precluding class treatment. Accordingly, this case cannot proceed as a class action.

Beyond that, Plaintiff's copyright claims are meritless because, among other reasons, the alleged copying at issue presents a classic case of fair use. 17 U.S.C. § 107. Plaintiff has conceded that the RedPajama dataset was "assembled and published for the purpose of training LLMs," Compl. ¶ 4, and Plaintiff alleges no fact showing that the RedPajama dataset was used for any purpose other than training LLMs. Multiple courts have held that using copyrighted works to train LLMs constitutes fair use. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1022, 1031 (N.D. Cal. 2025); *Kadrey v. Meta Platforms, Inc*., 788 F. Supp. 3d 1026, 1045 (N.D. Cal. 2025). Indeed, "the purpose and character of using copyrighted works to train LLMs" is "quintessentially transformative," and such use does "not displace demand for copies of [the authors'] works." *Bartz*, 787 F. Supp. at 1022, 1031; *see also Kadrey*, 788 F. Supp. 3d at 1044-1059. This result is unsurprising given that the training of LLMs serves to "augment[] public knowledge." *See, e.g.*, *Authors Guild v. Google, Inc*., 804 F.3d 202, 207 (2d Cir. 2015) (holding that the copying of books to create a searchable database constituted fair use). Together's work in co-developing RedPajama for the purpose of training LLMs and advancing AI for the benefit of the public good constitutes fair use, and this action should be dismissed.

Additional legal issues in this case include, but are not limited to, the following: whether Plaintiff's and putative class members' alleged copyrights in their works are invalid or unenforceable; whether Plaintiff and putative class members can plead and prove the infringement by Defendant of their copyrighted works or that Defendant is secondarily liable for acts of others; whether Plaintiff's and putative class members' claims to copyrights in their works are subject to an express or implied license, assignment, transfer, waiver, abandonment, forfeiture, misuse and/or doctrines of other equitable defenses; whether Plaintiff and putative class members are entitled to any damages or are barred due to double recovery and failure to mitigate; whether the damages that Plaintiff and putative class members are seeking should be limited for failure to establish actual damages, innocent infringement, due process and other constitutional limitations, or otherwise.

## IV.  MOTIONS

There has been no prior motion practice, and no motions are currently pending before the Court. Plaintiff intends to file a motion for class certification and both Plaintiff and Defendant anticipate filing motions for summary judgment in accordance with a case schedule to be set by the Court.

## V.  AMENDMENT OF PLEADINGS

Plaintiff reserves his right to file an amended Complaint at an appropriate time and in accordance with the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, and the Standing Order for Civil Cases Before Judge Rita F. Lin, including to the extent any order from the Court requires or permits further amendment.

## VI.  EVIDENCE PRESERVATION

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The Parties conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure on January 27, 2026. Pursuant to Rule 26(a)(1)(C), the Parties served Rule 26(a)(1) initial disclosures on February 10, 2026. The Parties confirm that they will comply with their obligations to supplement those disclosures as necessary.

## VIII. DISCOVERY

The Parties anticipate drafting and submitting a protective order to facilitate the exchange of discovery will likely be necessary. Counsel will meet and confer regarding a stipulated protective order regarding confidential information. Based on the extensive discovery process seen in other matters regarding similar technologies, the Parties believe that an extended discovery process is warranted which they have detailed in their proposed schedule.

## IX. CLASS ACTIONS

The Parties have reviewed the Procedural Guidelines for Class Action Settlements. Plaintiff will file a motion for class certification on a schedule to be set by the Court which Defendant intends to oppose.

## X. RELATED CASES

Based on Parties' reading of Civil Local Rule 3-12(a), there are no "Related Cases."

## XI. RELIEF

### a. Plaintiff's Statement

Plaintiff seeks judgment against Defendant in favor of the proposed Class, including the following relief: (i) an order certifying the Class, naming Plaintiff as Class Representative, and naming Plaintiff's attorneys as Class Counsel to represent the Class; (ii) an order declaring that Defendant's conduct violates 17 U.S.C. § 501; (iii) an award of statutory and other damages under 17 U.S.C. § 504 for violations of the copyrights of Plaintiff and the Class by Defendant; (iv) reasonable attorneys' fees and reimbursement of costs under 17 U.S.C. § 505 or otherwise; (v) a declaration that such infringement is willful; (vi) destruction or other reasonable disposition of all

copies Defendant made or used in violation of the exclusive rights of Plaintiff and the Class, under 17 U.S.C. § 503(b); (vii) pre- and post-judgment interest on the damages awards to Plaintiff and the Class, and that such interest be awarded at the highest legal rate from and after the date Plaintiff's class action Complaint was first served on Defendant; (viii) further relief for Plaintiff and the Class as the Court deems appropriate. Plaintiff states that a computation of damages is premature at this time as it is unknown how many Infringing Works were copied by Defendant.

      **b.** **Defendant's Statement**

Together seeks a judgment in Together's favor and against Plaintiff, including the following relief: (i) an order denying certification of any class; (ii) an order dismissing the claims by Plaintiff with prejudice; (iii) an award of Together's costs of suit; (iv) an award of Together's attorneys' fees to the extent permitted by law; and (v) a grant of such other and further relief as the Court deems just and proper.

**XII.** **SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5, Parties and their counsel have read the handbook entitled "Dispute Resolution Procedures in the Northern District of California," discussed with each other the available dispute resolution options provided by the Court and private entities, and considered whether this action might benefit from the available dispute resolution options.

**XIII.** **OTHER REFERENCES**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. Parties have not consented to the jurisdiction of a magistrate judge.

**XIV.** **NARROWING OF ISSUES**

The Parties believe that discovery is necessary to know if there is a potential to limit issues raised in Plaintiff's Complaint or Defendant's Answer. (ECF No. 22). At this time, the Parties have no proposals for narrowing the issues presented by this action.

## XV. SCHEDULING

As mentioned *supra*, cases relating to similar technologies and copyright claims have necessitated extensive discovery. Parties therefore submit the following proposed schedule:

| Event | Proposed Date |
|---|---|
| Discovery open for all purposes | January 27, 2026 |
| Exchange of initial disclosures | February 10, 2026 |
| Deadline for parties to file Stipulated ESI Protocol | March 24, 2026 |
| Deadline for parties to file Stipulated Protective Order | March 24, 2026 |
| Last day to amend pleadings | April 20, 2026 |
| Close of fact discovery | March 30, 2027 |
| Opening expert report(s) | May 31, 2027 |
| Rebuttal expert report(s) | June 30, 2027 |
| Reply/surrebutal expert report(s) | July 30, 2027 |
| Close of expert discovery | August 30, 2027 |
| Plaintiff's motion for class certification, motions for summary judgment and *Daubert* motions | October 29, 2027 |
| Defendant's opposition to class certification, oppositions to motion for summary judgment and *Daubert* motions | December 13, 2027 |
| Plaintiff's reply in support of motion for class certification, replies in support of motion for summary judgment and *Daubert* motions | January 12, 2028 |
| Hearing on class certification, summary judgment, and *Daubert* motions | To be determined by the Court |

## XVI. TRIAL

Plaintiff demands a jury trial. Parties request that the expected length of the trial, the date of the trial, and other trial-related issues be addressed following the Court's ruling on class certification and summary judgment.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. (ECF No. 13). Plaintiff intends to file his Certification of Interested Entities or Persons in short order.

Other than the putative Class members, the parties are unaware of any additional non-party interested entities or persons at this time.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guideline for Professional Conduct for the Northern District of California.

## XIX. OTHER MATTERS

Parties have no other matters to raise at this time.

Respectfully submitted,

Dated: February 11, 2026

By: /s/ *Donald S. Cuba II*
    Donald S. Cuba II

Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
Donald S. Cuba II (*pro hace vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895

|     |     |     |
| --- | --- | --- |
| | | Email: dgerbie@mcgpc.com <br> Email: jfrysinger@mcgpc.com <br> Email: dcuba@mcgpc.com <br><br> *Counsel for Plaintiff and the Putative Class Members* |
| Dated: February 11, 2026 | | By: /s/ *Joseph R. Wetzel* <br>     Joseph R. Wetzel <br><br> **LATHAM & WATKINS LLP** <br> Joseph R. Wetzel (SB # 238008) <br> Brittany N. Lovejoy (SB # 286813) <br> 505 Montgomery St., Suite 2000 <br> San Francisco, CA 94111 <br> Tel: (415) 395-8500 <br> Fax: (415) 395-8095 <br> Email: joseph.wetzel@lw.com <br> Email: brittany.lovejoy@lw.com <br><br> Sarang Damle (*pro hac vice*) <br> 555 Eleventh St., NW, Suite 1000 <br> Washington, DC 20004 <br> Tel: (202) 637-2200 <br> Email: sy.damle@lw.com <br><br> Cory D. Struble (*pro hac vice*) <br> 1271 Avenue of the Americas <br> New York, NY 10020 <br> Tel: (212) 906-1895 <br> Email: cory.struble@lw.com <br><br> *Attorneys for Defendant Together Computer, Inc.* |

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(I)(3)**

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: February 11, 2026　　　　　　　　By: /s/ *Donald S. Cuba II*
　　　　　　　　　　　　　　　　　　　　　　Donald S. Cuba II