**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DARIUS H. JAMES, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

TOGETHER COMPUTER, INC., a Delaware corporation,

Defendant.

Case No. 3:25-cv-09578-RFL

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby jointly stipulate to this Protective Order. Pursuant to this Court's Civil Standing Order, the Parties state that this Protective Order is based in part on the United States District Court for the Northern District of California's model protective order titled "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets." A redline comparing the Parties' proposed Protective Order to the model is attached hereto as **Exhibit 1**.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards



United States District Court
Northern District of California

that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Action: this pending lawsuit, *James v. Together Computer, Inc.*, No. 3:25-cv-09578-RFL.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Confidential Information may also include information submitted by a Non-Party to the Producing Party and designated as confidential by the Non-Party.

2.4 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to

another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" comprising Source Code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.13 Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their respective support staffs).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 Source Code: Source code is the human readable set of instructions written in a programming language that defines the operations of a software application, including the algorithms, model weights, model parameters, logic, and functions that shape the program's behavior. For the avoidance of doubt, Source Code does not include Training Data.

2.19 Testifying Expert: an Expert that a Party may use at trial to present evidence as defined in Federal Rule of Civil Procedure 26(a)(2).

2.20 Training Data: Training Data means any non-public information or dataset in any form that is used, processed, ingested, or referenced to develop, improve, refine, or validate machine learning models or artificial intelligence systems, including but not limited to collections of text, images, or other content used to train such systems to recognize patterns, generate outputs, or make predictions. This includes both raw data and any preprocessed, transformed, or derivative versions of such data used during the training process. Training Data also includes any documents, records, specifications, plans, or other materials—whether or not they themselves constitute a dataset—that describe, catalog, define, or govern the composition of Training Data, including, without limitation documents, setting forth dataset mixes, weightings, sampling methodologies, proportions, configurations, or any other criteria used or considered in connection with the training of any machine learning models or artificial intelligence systems.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to

the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. In the event designation through affixation of the applicable designation legend is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify all recipients that the material has been designated, including but not limited to through a cover letter that identifies the designated material by Bates number.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. In the event designation through affixation of the applicable legend is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify all recipients that the material has been designated, including through a cover letter that identifies the designated material by Bates number.

(b) For testimony given in deposition or in other pretrial proceedings, all deposition or other pretrial transcripts and recordings may be preliminarily designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the terms of this Order by stating so on the record, unless each Party and the

deponent indicates, either on the record at the conclusion of the deposition or other pretrial proceeding or in writing following the deposition or other pretrial proceeding, that such Party or deponent does not intend to designate the deposition or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

The Designating Party may designate within twenty-one (21) days after receipt of a final transcript of a deposition or other pretrial proceeding, the transcript and recording of the deposition, or any portion thereof, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying the court reporter and all Parties, in writing, of the specific pages and lines of the transcript and recording that should be so treated. After the expiration of that twenty-one (21) day period, the transcript shall be treated only as actually designated.

Counsel for a Party or a Non-Party witness shall have the right to exclude from depositions (including virtual access by videoconference or any real-time stenography software) any person who is not authorized to receive Protected Material pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Material is being used or discussed. After the discussion and use of the Protected Material has ceased, others may be readmitted to the deposition, but no other person than the witness and those authorized to receive the Protected Material shall be permitted to access the Protected Material or the testimony elicited therefrom by any means, including but not limited to real-time stenography software, exhibit sharing software, or transcript. Any document designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY,” or “HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) For information contained in written discovery responses, the responses may be designated as containing “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY,” or “HIGHLY CONFIDENTIAL – SOURCE CODE” information by clearly indicating the portions containing such information and specifying the level of designation of the Protected Material, and by placing a legend on the front page of such discovery responses stating: “CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers].”

(d) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend “CONFIDENTIAL,” “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY,” or “HIGHLY CONFIDENTIAL – SOURCE CODE.” If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party’s or Designating Party’s right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. If, prior to receiving such correction, the Receiving Party had disclosed the inadvertently undesignated material to persons or

entities not authorized to receive it under this Order, the Receiving Party must make reasonable efforts to retrieve it or ensure that it be treated in accordance with the Designating Party's confidentiality designation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may not be used for any other purpose, including, without limitation, any business, commercial, or competitive purpose or in connection with any other legal proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (3) who are not past or current employees of a Party or of a Party's competitor; and (4) who, at the time of retention, are not anticipated to become employees of a Party or of a Party's competitor;

(d) the Court and its personnel;

(e) court reporters engaged for this Action and their staff, including any recorders or videographers engaged for depositions, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. A witness who is shown documents or information containing Protected Material but who is not otherwise authorized to have access to copies of documents or testimony

containing Protected Material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain Protected Material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of the litigation), provided that such author, recipient, or custodian shall not be permitted to keep any Protected Material unless that individual already has access to such documents in the ordinary course of business;

(i) any mediator or settlement officer appointed by the Court or jointly selected by the Parties, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j) other persons only by written consent of the Designating Party or upon order of the Court and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), on such conditions as may be agreed or ordered.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action; (2) who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A); (3) who are not past or current employees of a Party or of a Party's competitor; (4) who, at the time of retention, are not anticipated to become employees of a Party or of a Party's competitor;

(c) the Court and its personnel;

(d) court reporters engaged for this Action and their staff, including any recorders or videographers engaged for depositions, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document in the course of the litigation), provided that such author, recipient, or custodian shall not be permitted to keep any Protected Material unless that individual already has access to such documents in the ordinary course of business;

(g) any mediator or settlement officer appointed by the Court or jointly selected by the Parties, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(h) other persons only by written consent of the Designating Party or upon order of the Court and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), on such conditions as may be agreed or ordered.

7.4 House Counsel. For the avoidance of doubt, the Receiving Party shall not disclose any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to its House Counsel absent written permission from the Designating Party or an applicable Court order. To the extent expert reports cite to materials so designated, House Counsel may review those reports so long as such material is redacted. House Counsel may not access materials so designated even if such materials are

cited in or appended to expert reports. The Receiving Party may request that one (1) designated House Counsel have permission to access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" items or information by first making a written request to the Designating Party that (1) sets forth the full name of the House Counsel and the city and state of his or her residence, and (2) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making. Nothing in this Order obligates the Designating Party to allow House Counsel to access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" items or information. Nothing in this Order shall be construed to prevent House Counsel of a Party to review that Party's items or information.

7.5 The Parties' Use of Their Own Protected Material. This Order shall have no effect upon, and shall not apply to, the Parties' use or disclosure of their own Protected Material for any purpose.

7.6 Retention of Exhibit A. Outside Counsel of Record for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) by any persons or entities receiving Protected Material shall retain the signed exhibit.

7.7 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order), pursuant to paragraph 7.3(b), any information or item that has been designated "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation

or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to an Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

7.8 Data Security for “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE” Information or Items. Any person in possession of any information or item designated “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE” will maintain appropriate administrative, technical, and organizational safeguards (“Safeguards”) that protect the security and privacy of that Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to such information solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of such information, and take reasonable measures to password protect and encrypt that Protected Material. Each person will ensure that anyone acting on that person’s behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE” information. If such information is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

8. SOURCE CODE

(a) To the extent production of Source Code becomes necessary in this Action, a Producing Party may designate Source Code as “HIGHLY CONFIDENTIAL – SOURCE CODE” as provided in Section 2.18.

(b) Protected Material designated as “HIGHLY CONFIDENTIAL – SOURCE CODE” shall be subject to all of the protections afforded to “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” information and may be disclosed only to the individuals to whom “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” information may be disclosed, as set forth in Paragraph 7.3.

(c) Any Source Code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal

business hours (9:00 a.m. to 5:00 p.m. local time, Monday through Friday) or other mutually agreeable times at (1) an office of the Producing Party or the Producing Party's primary outside counsel of record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The Source Code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Source Code Computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Source Code Computer, except as provided below in 8(d) regarding notetaking. The Receiving Party must identify the person(s) in writing who will conduct the inspection at least three (3) business days in advance, unless both parties agree otherwise. All persons entering the locked room containing the Source Code must sign a sign-in sheet confirming they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computer will be made available for inspection during regular business hours (9:00 a.m. to 5:00 p.m. local time, Monday through Friday), upon reasonable notice to the Producing Party, which shall not be less than three (3) business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. The Producing Party shall: (1) make reasonable efforts to ensure that the designated material is made available in a format allowing it to be reasonably reviewed and searched; and (2) not deny reasonable requests by the Receiving Party to install commercially available software tools for which the Receiving Party secures a license for viewing and searching Source Code on the Source Code Computer.

(d) The Receiving Party's Outside Counsel of Record and/or Expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. To the extent the Receiving Party desires to take notes electronically, the producing party shall provide a note-taking computer (e.g., a computer, which is distinct from the Source Code Computer(s)), that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type (including but not limited to camera or video functionality) disabled) ) ("note-taking computer") with a current, widely used word processing program in the Source Code review room for the Receiving Party's use in taking such notes. The "note-taking computer" shall be used for the sole purpose of notetaking and shall be retained by the Producing Party. Such notes shall be downloaded to or uploaded from a removable disk or drive for the Receiving Party (but not the Producing Party) by the Producing Party each review day at the request of the reviewer. The note-taking computer shall have no features that would hinder the complete clearing of the Receiving Party's notes after such notes have been downloaded. Any such notes shall not include copies or reproductions of portions of the Source Code. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(e) No person shall copy, email, transmit, upload, download, print, photograph, screenshot, or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. If the Producing Party objects to a request for paper copies, the Parties shall meet and confer, and if they are unable to reach agreement, may submit their dispute to the Court. Printed copies of the Source Code may only be transported by the Receiving Party via hand carry. Within four (4) business days or such additional time as necessary due to volume requested, the Producing Party shall provide all such Source Code on watermarked or colored paper bearing Bates numbers and the label "HIGHLY

CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(f) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a Testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(g) The Parties may meet and confer regarding additional terms to this Protective Order to govern the inspection and production of Source Code to the extent the volume of necessary Source Code is burdensome and reasonably requires alternative inspection procedures.

9. <u>TRAINING DATA</u>

The parties are continuing to discuss the treatment and disclosure of Training Data under this Order, to the extent production of Training Data becomes necessary in this Action.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party no more than three (3) court days after receiving the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order from this Court, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. In the event the Receiving Party fails to comply with its

obligations under Section 12, the Designating Party shall be entitled to seek from the Court specific performance of Section 12.

13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify the procedures set forth in the Parties' separate Stipulated ESI Order.

14. MISCELLANEOUS

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving

Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

14.4 Large Language Models / Generative AI Tools. All Parties shall take commercially reasonable steps to prevent unauthorized access to any Protected Material, including when using generative AI tools or large language models ("LLMs"). Without notifying and obtaining permission from the Producing Party, individuals or entities with access to Protected Material under this Order must not use Protected Material in AI tools or similar applications (e.g., OpenAI GPT, ChatGPT, Google Bard, Meta LLAMA) without taking commercially reasonable efforts to ensure such tools (a) do not incorporate inputs into model weights or otherwise train on or learn from Protected Material, and (b) adhere to cybersecurity best practices and provide sufficient administrative controls to prevent unauthorized access.

14.5 Duty to Ensure Compliance. Any Receiving Party disclosing Protected Material to any person not a Party as permitted by this Order shall have the duty to reasonably ensure that such person or entity observes the terms of this Order and shall be responsible upon breach of such duty for the failure of such person or entity to observe the terms of this Order.

14.6 Modification and Exceptions. The Parties and any non-Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order.

14.7 Privilege Logs. The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs is memorialized in the Parties' separate Stipulated ESI Order.

14.8 Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

15. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving

Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the Receiving Party shall not be required to return or destroy Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning, or certifying destruction of, Protected Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course. Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to court order. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 7, 2026

*/s/ Anne B. Shaver*

**McGuire Law, P.C.**
Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895

Email: eturin@mcgpc.com

David L. Gerbie (pro hac vice)
Jordan R. Frysinger (pro hac vice)
Donald S. Cuba II (pro hac vice)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

**Lieff Cabraser Heimann & Bernstein LLP**
Daniel M. Hutchinson (SB # 239548)
Anne B. Shaver (SB # 255928)
Amelia H. Haselkorn (SB # 339633)
Alison C. Fraerman (SB # 351981)
275 Battery St., 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Email: dhutchinson@lchb.com
Email: ashaver@lchb.com
Email: ahaselkorn@lchb.com
Email: afraerman@lchb.com

Rachel J. Geman (pro hac vice)
Sean A. Petterson (pro hac vice)
250 Hudson St., 8th Floor
New York, NY 10013
Tel: (212) 355-9500
Email: rgeman@lchb.com
Email: spetterson@lchb.com

*Counsel for Plaintiff and the Putative Class Members*

DATED: April 7, 2026

*/s/ Joseph R. Wetzel*

**Latham & Watkins LLP**
Joseph R. Wetzel (SBN 238008)
Brittany N. Lovejoy (SBN 286813)
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8500
Fax: (415) 395-8095
Email: joseph.wetzel@lw.com
Email: britt.lovejoy@lw.com

Sarang Damle (pro hac vice)
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200

Email: sy.damle@lw.com

Cory D. Struble (pro hac vice)
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1895
Email: cory.struble@lw.com

*Attorneys for Defendant Together Computer, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: **April 13, 2026**

Hon. Rita F. Lin
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on ______[date] in the case of *James v. Together Computer, Inc.*, No. 3:25-cv-09578-RFL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of _________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________________

City and State where sworn and signed: ___________________________________

Printed name: _________________________________

Signature: __________________________________