**McGuire Law, P.C.**
Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (admitted *pro hac vice*)
Brendan Duffner (admitted *pro hac vice*)
Jordan R. Frysinger (admitted *pro hac vice*)
Donald S. Cuba II (admitted *pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com
Email: dcuba@mcgpc.com

**LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP**
Daniel M. Hutchinson (SB # 239548)
Anne B. Shaver (SB # 255928)
Amelia H. Haselkorn (SB # 339633)
Alison C. Fraerman (SB # 351981)
275 Battery St., 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Email: dhutchinson@lchb.com
Email: ashaver@lchb.com
Email: ahaselkorn@lchb.com
Email: afraerman@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

Rachel J. Geman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
250 Hudson St., 8th Floor
New York, NY 10013
Tel: (212) 355-9500
Email: rgeman@lchb.com
Email: spetterson@lchb.com

*Counsel for Plaintiffs and the Putative Class Members*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DARIUS H. JAMES, JOSIE BROWN, KATIA LIEF, and JACINDA TOWNSEND GIDES individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TOGETHER COMPUTER, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:25-cv-09578-RFL<br><br>**First Amended Complaint**<br><br>**Class Action**<br><br>**Demand for Jury Trial** |

1

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Darius H. James, Josie Brown, Katia Lief, and Jacinda Townsend Gides ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action complaint ("Complaint") against Defendant Together Computer, Inc. ("Together AI" or "Defendant").

**OVERVIEW**

1.      Plaintiffs are authors who spent years conceiving, writing, and pursuing publication of their original works, which are copyrighted material. The United States Constitution recognizes the fundamental principle that creators like Plaintiffs deserve compensation when others seek to use their copyrighted work.

2.      Together AI violated these foundational principles and built its business by taking copyrighted books without authorization or payment. Specifically, Together AI downloaded and torrented pirated versions of Plaintiffs' and Class Members' copyrighted works, stored them, made copies of them, and assembled these pirated copies into an Artificial Intelligence training dataset that it named "RedPajama." Together AI then made RedPajama available to hundreds of thousands of third parties to use, including specifically for use in training Artificial Intelligence large language models. Thus, Together AI's largescale theft of Plaintiffs' and Class Members' copyrighted works was an essential component of Together AI's business model—and its flagship RedPajama dataset.

3.      Artificial intelligence ("AI") refers to software engineered to mimic human-like reasoning and inference through algorithmic processes, typically leveraging statistical methods.

4.      Large language models ("LLM") are AI software programs designed to reply to user prompts with natural-sounding text outputs.

5.      While the traditional coding process involves human coders inputting explicit instructions, an LLM is instead trained by processing vast quantities of text from diverse sources (a "pre-training dataset"), learning statistical patterns and

FIRST AMENDED CLASS ACTION COMPLAINT

associations within that data, and encoding those abstract representations into a vast array of numerical values known as parameters. These parameters emerge from the collective structure of the entire training dataset, which often blends public domain, licensed, and, crucially, unlicensed copyrighted materials. When an LLM generates text in response to a prompt, it performs probabilistic computations over these parameters to produce coherent, contextually relevant output that generalizes from the learned patterns.

6.    Plaintiffs and Class members are registered copyright owners in certain books (the "Infringed Works") that Together AI obtained from pirated data sources; stored in an internal library; and assembled in the dataset RedPajama that Together AI published to attract customers pursuing LLM development to its own platform. Plaintiffs and Class Members never authorized Together AI to download, copy, store, publish, or use their copyrighted works to create the RedPajama dataset.

7.    In addition, Together AI sells the service of developing custom AI models to meet the customer's specific business needs. This service includes "data discovery and optimization."[1] On information and belief, Together AI uses RedPajama to train and develop custom AI models for its customers.

8.    By the acts described above and in further detail below, Together AI infringed Plaintiffs' copyrighted works, and it may continue to do so if it continues to download, copy, store, publish, and use the RedPajama dataset which contains copies of Plaintiffs' and the putative Class's Infringed Works.

9.    Plaintiffs bring this action under the Copyright Act to redress the harm caused by Together AI's copyright infringement.

## JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331

---

[1] https://www.together.ai/blog/announcing-together-custom-models (last visited April 18, 2026).

FIRST AMENDED CLASS ACTION COMPLAINT

because this case arises under the Copyright Act (17 U.S.C. § 501).

11.    Jurisdiction and venue are proper in this judicial district under 28 U.S.C. § 1391(c)(2) because Together AI is headquartered in this district. Together AI copied Plaintiffs' and Class Members' Infringed Works and assembled the RedPajama dataset. Therefore, a substantial part of the events giving rise to the claim occurred in this District. A substantial portion of the affected interstate trade and commerce was carried out in this District. Defendant has transacted business, maintained substantial contacts, and/or committed overt acts in furtherance of the illegal scheme and conspiracy throughout the United States, including in this District. Defendant's conduct has had the intended and foreseeable effect of causing injury to persons residing in, located in, or doing business throughout the United States, including in this District.

12.    Under Civil Local Rule 3-2(c), assignment of this case to the San Francisco Division is proper because this case pertains to intellectual-property rights, which is a district-wide case category under General Order No. 44, and therefore venue is proper in any courthouse in this District.

## PARTIES

13.    Plaintiff Darius H. James is an author and performance artist who resides in Connecticut. He owns registered copyrights in multiple books including *Negrophobia* and *That's Blaxploitation!: Roots of the Baadasssss 'Tude,* and two bilingual German publications, *Voodoo Stew* and *Froggie Chocolates' Christmas Eve*.

14.    Plaintiff Josie Brown is an author who resides in California. She owns registered copyrights in multiple books including *The Housewife Assassin's Guide to Gracious Killing* and *Last Night I Dreamt of Cosmopolitans: A Modern Girl's Dream Dictionary*.

15.    Plaintiff Katia Lief is an author who resides in New York. She owns

FIRST AMENDED CLASS ACTION COMPLAINT

registered copyrights in multiple books including *One Cold Night* and *Five Days In Summer*.

16.    Plaintiff Jacinda Townsend Gides is an author who resides in Rhode Island. She owns registered copyrights in multiple books including *Saint Monkey: A Novel*.

17.    A partial list of Plaintiffs' registered copyrights is attached hereto as Exhibit A.

18.    Defendant Together AI is a Delaware corporation with its principal place of business at 251 Rhode Island Street, Suite 205, San Francisco, CA 94103.

19.    The unlawful acts alleged against the Defendant in this Complaint were authorized, ordered, or performed by the Defendant's respective officers, agents, employees, representatives, or shareholders while actively engaged in the management, direction, or control of the Defendant's business or affairs. The Defendant's agents operated under the explicit and apparent authority of their principals. Defendant, and its subsidiaries, affiliates, and agents operated as a single unified entity.

20.    Various persons or firms not named as defendants may have participated as co-conspirators in the violations alleged herein and may have performed acts and made statements in furtherance thereof. Each acted as the principal, agent, or joint venture of, or for Defendant with respect to the acts, violations, and common course of conduct alleged herein.

**FACTUAL ALLEGATIONS**

21.    Together AI is a company that contributes open-source research, models, and datasets to other AI-focused companies and sells access to a cloud platform to help other entities train, fine-tune, and deploy generative AI models.[2]

22.    In an effort to attract more AI startups to its cloud platform, Together AI

---

[2] https://www.together.ai/about.

FIRST AMENDED CLASS ACTION COMPLAINT

orchestrated and assembled a central library of works that it labeled the RedPajama dataset, a dataset comprised of a mixture of publicly available and copyrighted works. Together AI created RedPajama specifically for training LLMs.

23.    The RedPajama dataset assembled and published by Together AI contained a deduplicated copy of the Books3 dataset. Books3 was described in a paper by EluetherAI called "The Pile: An 800GB Dataset of Diverse Text for Language Modeling" as follows:

> Books3 is a dataset of books derived from a copy of the contents of the Bibliotik private tracker … Bibliotik consists of a mix of fiction and nonfiction books and is almost an order of magnitude larger than our next largest book dataset (BookCorpus2). We included Bibliotik because books are invaluable for long-range context modeling research and coherent storytelling.[3]

24.    Bibliotik is one of a number of notorious "shadow library" websites that also includes Library Genesis (aka LibGen), Z-Library (aka B-ok), Sci-Hub, and Anna's Archive (previously known as "Pirate Library Mirror") (collectively, "Shadow Libraries"). The books and other materials aggregated by these websites have also been available in bulk via torrent systems, such as LibTorrent. Indeed, Bibliotik can only be accessed directly via a torrent system. These shadow libraries have been of interest to the AI-training community because of the large quantity of high-quality contemporary natural language text (indeed, copyrighted material) they host. These Shadow Libraries have been repeatedly enjoined by federal courts for copyright infringement in default proceedings, but are notoriously difficult to shut down as many operate from jurisdictions outside the United States.

25.    On information and belief, Together AI considered whether to obtain books from Shadow Libraries for use in the RedPajama dataset and/or for use in

---

[3] https://arxiv.org/abs/2101.00027, at 3-4.

5

FIRST AMENDED CLASS ACTION COMPLAINT

training and developing LLMs. Together AI also considered whether to obtain books through the use of Common Crawl and/or other web crawlers.

26. Before October 2023, Books3 was available for download from Hugging Face (a website dedicated to "a mission to democratize good machine learning") as a standalone dataset.[4] But in October 2023, the Books3 dataset was removed with a message that it "is defunct and no longer accessible due to reported copyright infringement."[5]

27. Plaintiffs' copyrighted books are among the works in the Books3 dataset.

28. Books3 was also downloaded, torrented, and copied by Defendant and utilized to create, store, and publish its RedPajama dataset in April of 2023.

29. The RedPajama dataset contained a subset called "Books" or "RedPajama-Books" that was actually a copy of the Books3 dataset. Specifically, the RedPajama dataset "is a publicly available, fully open, best-effort reproduction of the training data . . . used to train the first iteration of LLaMA family of models."[6] This LLaMA training dataset included the Books3 section of The Pile (a broader publicly available dataset which contained Books3).[7]

30. Thus, the RedPajama training dataset, included books written and copyrighted by Plaintiffs and Class Members.

31. Together AI was chiefly responsible for the creation of the RedPajama dataset, acknowledging itself as collaborator in its blog post[8] and announcing the project publicly on the X platform on April 17, 2023.[9] Importantly, the RedPajama

[4] https://huggingface.co/huggingface.

[5] https://web.archive.org/web/20231127101818/https:/huggingface.co/datasets/the_pile_books3.

[6] https://arxiv.org/html/2411.12372v1.

[7] https://arxiv.org/pdf/2302.13971.

[8] https://www.together.ai/blog/redpajama.

[9] https://x.com/togethercompute/status/1647917989264519174.

FIRST AMENDED CLASS ACTION COMPLAINT

dataset is hosted on Defendant's specific GitHub organization page ("togethercomputer")[10] and its affiliation with the RedPajama dataset page is evidenced by the license notes disclosing "Copyright 2023 Together Computer."[11]

32. Defendant's blog post announcing the creation of the RedPajama dataset also provided a link to download the dataset on its Hugging Face "togethercomputer" profile page.[12] It also described one of the "three key components" of RedPajama as "pre-training data, which needs to be both high quality and have broad coverage[.]"[13] Included within the pre-training data were a "data slice[]" titled "Books" which consisted of "a corpus of open books, deduplicated by content similarity."[14]

33. Books3 is a known pirated and illegal dataset. While the Hugging Face website currently states that Books3 was removed from RedPajama due to "reported" copyright infringement, an archived version of that Hugging Face webpage from April 2023 explicitly disclosed that Books3 was included in the RedPajama corpus of materials.[15, 16]

34. On this same webpage, Together AI also stated that "we use simhash to remove near duplicates" from Books3, meaning that Together AI downloaded, copied, deduplicated, repackaged, and re-published Books3 within its RedPajama dataset online for others to download and use to train their LLMs.[17]

35. Accordingly, through its creation and publication of the RedPajama

---

[10] https://github.com/togethercomputer/RedPajama-Data.

[11] *Id.*

[12] https://www.together.ai/blog/redpajama.

[13] *Id.*

[14] *Id.*

[15] https://huggingface.co/datasets/togethercomputer/RedPajama-Data-1T.

[16] https://web.archive.org/web/20230417120911/https://huggingface.co/datasets/togethercomputer/RedPajama-Data-1T.

[17] *Id.*

FIRST AMENDED CLASS ACTION COMPLAINT

dataset, and other data subsets including RedPajama-Books, Defendant has itself downloaded, torrented, copied, stored, and used Books3 and the copyrighted works of Plaintiffs and the members of the Class.

36. Furthermore, Defendant has actively promoted the RedPajama dataset and incentivized third parties to utilize, download, copy, make available, distribute, reproduce, and publish it. For example, in May 2023, Together AI announced a monetary incentive, hosted by Chai Research, encouraging third parties to "create the best chatbot by fine-tuning RedPajama-INCITE-3B, with a $1M prize for the winner!"[18]

37. Between April 2023 and October 2023, Together AI's promotions incentivized over 190,000 downloads of the RedPajama dataset by third parties.[19]

38. Numerous other companies used the RedPajama dataset to train and develop LLMs, including for example Databricks[20] and NVIDIA.[21]

39. Thus, from the time that Together AI made the RedPajama dataset available on the Hugging Face and GitHub websites in April of 2023 until the time that Books3 was removed from the dataset, Defendant copied, made available for download, and promoted the downloading and copying of, Plaintiffs Class Members' copyrighted works, and contributed to third parties doing the same.

## CLASS ALLEGATIONS

40. The "Class Period" as defined in this Complaint begins on at least November 6, 2022 and runs through the present. Because Plaintiffs do not yet know

---

[18] https://www.together.ai/blog/redpajama-3b-updates#:~:text=,tune%20for%20longer%20context.

[19] https://www.together.ai/blog/redpajama-data-v2#:~:text=Over%20the%20last%20half%20a,released%20specifically%20for%20LLM%20training.

[20] *See In Re Mosaic LLM Litig.*, 24-cv-01451-CRV (N.D. Cal.) (ECF No. 131, ¶¶ 27-28).

[21] *See Nazemian et al. v. NVIDIA Corp.*, 24-cv-01454-JST (N.D. Cal.) (ECF No. 235, ¶ 42).

8

FIRST AMENDED CLASS ACTION COMPLAINT

when the unlawful conduct alleged herein began, but believe, on information and belief, that the conduct likely began prior to November 6, 2022, Plaintiffs reserve the right to amend the Class Period to comport with the facts and evidence uncovered during further investigation or through discovery.

41.     Plaintiffs seek certification of the following Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

> All legal or beneficial owners of a United States copyright in any work that was downloaded, copied, stored, used, or contained within the RedPajama datasets during the Class Period; and that was registered with the United States Copyright Office (a) within five years of the work's first publication and (b) either (i) before being downloaded, copied, stored, used by Together AI, and/or uploaded, offered, or made accessible to third parties, or (ii) within three months of first publication.

42.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

43.     Absent a class action, most members of the Class would find the cost of litigation their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

44.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the

9

FIRST AMENDED CLASS ACTION COMPLAINT

Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

45.    The factual and legal bases of Defendant's liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to Plaintiffs and to all of the other members of the Class. Plaintiffs and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

46.    There are many questions of law and fact common to the claims of Plaintiffs and Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.    Whether Defendant violated the copyrights of Plaintiffs and the Class by downloading, copying, storing, and using the Infringed Works to create its training datasets and to train custom models for its customers;

b.    Whether Defendant knew of and materially contributed to the downloading, storage, retention, and copying of the Infringed Works by third parties;

c.    Whether Defendant caused further infringement of the Infringed Works by distributing the training dataset under an open license; and

d.    Whether Plaintiffs and members of the Class are entitled to actual and/or statutory damages for the aforementioned violations.

**FIRST CAUSE OF ACTION**
**Direct Copyright Infringement,**
**(17 U.S.C. § 501)**
**(On Behalf of Plaintiffs and the Class)**

47.    Plaintiffs repeat the allegations contained in the foregoing paragraphs as

10

FIRST AMENDED CLASS ACTION COMPLAINT

if fully set forth herein.

48.    Plaintiffs, as the owners of the registered copyrights of the Infringed Works, hold the exclusive rights to those books under 17 U.S.C. § 106, including the exclusive rights of reproduction, and distribution.

49.    In order to create a comprehensive training dataset known as RedPajama, Together AI downloaded, torrented, copied, and stored Books3. Books3 includes the Plaintiffs' and Class Members' Infringed Works. Together AI copied, downloaded, used, stored, distributed and republished many copies of the Books3 dataset and thus Plaintiffs' and the Class Members' Infringed Works. Together AI did this for commercial purposes, including but not limited to attracting customers to its platform and selling them additional services such as custom model generation.

50.    Neither Plaintiffs nor Class Members authorized Together AI to make copies, use, publicly display copies, or distribute copies of their Infringed Works. The U.S. Copyright Act bestows all the aforementioned rights only on the Plaintiffs and the Class Members.

51.    By downloading, torrenting, copying, storing, processing, reproducing, distributing, and using the datasets, like Books3, containing copies of Plaintiffs' Infringed Works, Defendant has directly infringed Plaintiffs' exclusive rights in their copyrighted works.

52.    By downloading, torrenting, copying, storing, processing, reproducing, distributing, and using the RedPajama dataset containing copies of Plaintiffs' Infringed Works, Defendant has directly infringed on Plaintiffs' exclusive rights in their copyrighted works.

53.    Defendant repeatedly copied, stored, and used the Infringed Works without Plaintiffs' and Class Members' permission. Defendant made these copies without Plaintiffs' permission and in violation of their exclusive rights under the Copyright Act.

FIRST AMENDED CLASS ACTION COMPLAINT

54.    By and through the actions alleged above, Defendant has infringed and will continue to infringe Plaintiffs' copyrights.

**55.**    Plaintiffs have been injured by Defendant's acts of direct copyright infringement. Plaintiffs are entitled to statutory damages, actual damages, restitution of profits, and all appropriate legal and equitable relief.

**SECOND CAUSE OF ACTION**
**Contributory Copyright Infringement,**
**17 U.S.C. § 501 *et seq.***

**(On Behalf of Plaintiffs and the Class)**

56.    Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

57.    Unknown third parties directly infringed on the Plaintiffs' and Class Members' rights by downloading, copying, using, storing, and retaining the Infringing Works. Such use is not fair use and is infringing. Each and every one of these infringements is facilitated, encouraged, and made possible by Defendant.

58.    Defendant had actual and/or red-flag knowledge that the pirated library that it downloaded, copied, stored, duplicated, and republished through the RedPajama dataset contained copyrighted works.

59.    Defendant had actual and/or red-flag knowledge that third parties were downloading and copying its RedPajama dataset that it created using the copyrighted works of Plaintiffs and the members of the Class.

60.    Defendant materially contributed to unknown third parties' infringement by: 1) creating the RedPajama dataset which contained copyrighted works; 2) providing its RedPajama dataset to the public for unregulated copying and downloading on both its own specific GitHub and Hugging Face pages; and 3) promoting and encouraging unknown third parties to copy and download its RedPajama dataset.

61.    Defendant's contribution was substantial and necessary to the scope and

12

FIRST AMENDED CLASS ACTION COMPLAINT

persistence of the infringement. Plaintiffs and the Class Members suffered damages, including statutory damages and profits attributable to the infringement.

**Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.    For an order certifying the Class, naming Plaintiffs as Class Representatives, and naming Plaintiffs' attorneys as Class Counsel to represent the Class;

b.    For an order declaring that Defendant's conduct violates 17 U.S.C. § 501;

c.    An award of statutory or compensatory damages at their election, restitution, disgorgement, and any other damages or relief that may be permitted by law or equity under 17 U.S.C. § 504 for violations of the copyrights of Plaintiffs and the Class by Defendant;

d.    Reasonable attorneys' fees and reimbursement of costs under 17 U.S.C. §505 or otherwise;

e.    For an order declaring that Defendant's conduct violates 17 U.S.C. § 1202(b)(1);

f.    For an order declaring that Defendant's conduct violates 17 U.S.C. § 1202(b)(3);

g.    An award of statutory and other damages under 17 U.S.C. § 1203(c);

h.    A declaration that such infringement is willful;

i.    Permanently enjoining Together AI from engaging in the infringing conduct alleged herein, including destruction or other reasonable disposition of all copies Defendant made or used in violation of the exclusive rights of Plaintiffs and the Class, under 17 U.S.C. § 503(b);

13

FIRST AMENDED CLASS ACTION COMPLAINT

j.    Pre- and post-judgment interest on the damages awards to Plaintiffs and the Class, and that such interest be awarded at the highest legal rate from and after the date this class action complaint is first served on Defendant;

k.    Further relief for Plaintiffs and the Class as the Court deems may be appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

DATED: April 20, 2026                    Respectfully submitted,

PLAINTIFFS, individually and on behalf of similarly situated individuals

By: /s/ *Donald S. Cuba II*

**MCGUIRE LAW, P.C.**
Eugene Y. Turin (SB # 342413)
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
Email: eturin@mcgpc.com

David L. Gerbie (*pro hac vice*)
Brendan Duffner (*pro hac vice*)
Jordan R. Frysinger (*pro hac vice*)
Donald S. Cuba II (*pro hac vice*)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
Email: dgerbie@mcgpc.com
Email: bduffner@mcgpc.com
Email: jfrysinger@mcgpc.com

14

FIRST AMENDED CLASS ACTION COMPLAINT

Email: dcuba@mcgpc.com

**Lieff Cabraser Heimann & Bernstein LLP**
Daniel M. Hutchinson (SB # 239548)
Anne B. Shaver (SB # 255928)
Amelia H. Haselkorn (SB # 339633)
Alison C. Fraerman (SB # 351981)
275 Battery St., 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Email: dhutchinson@lchb.com
Email: ashaver@lchb.com
Email: ahaselkorn@lchb.com
Email: afraerman@lchb.com

Rachel J. Geman (*pro hac vice*)
Sean A. Petterson (*pro hac vice*)
250 Hudson St., 8th Floor
New York, NY 10013
Tel: (212) 355-9500
Email: rgeman@lchb.com
Email: spetterson@lchb.com

*Counsel for Plaintiffs and the Putative Class*

FIRST AMENDED CLASS ACTION COMPLAINT

# <u>EXHIBIT A</u>

FIRST AMENDED CLASS ACTION COMPLAINT

Registration Number / Date: TX0003372564 / 1992-08-05

Title: *Negrophobia: an urban parable: a novel* / Darius James.

Copyright Claimant: Darius James

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_14732620

----------------------------

Registration Number / Date: TX0006084313 / 2004-12-17

Title: *Five Days in Summer*

Copyright Claimant: Katia Spiegelman Lief

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_16305365

----------------------------

Registration Number / Date: TX0006152496 / 2005-03-25

Title: *Last Night I Dreamt of Cosmopolitans: A Modern Girl's Dream Dictionary*

Copyright Claimant: Josie Brown

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_16349456

----------------------------

Registration Number / Date: TX0006375356 / 2006-06-13

Title: *One Cold Night*

Copyright Claimant: Katia Spiegelman Lief

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_16486838

----------------------------

Registration Number / Date: TX0007605275 / 2012-10-01

Title: *The Housewife Assassin's Guide to Gracious Killing*

17

FIRST AMENDED CLASS ACTION COMPLAINT

Copyright Claimant: Josie Brown

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_25810042

-----------------------------

Registration Number / Date: TX0007774590 / 2013-07-30

Title: *The Housewife Assassin's Guide to Gracious Killing*

Copyright Claimant: Josie Brown

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_26456707

-----------------------------

Registration Number / Date: TX0007900138 / 2014-04-30

Title: *Saint Monkey: A Novel*

Copyright Claimant: Jacinda Townsend

USCO Catalog Link:

https://publicrecords.copyright.gov/detailed-record/voyager_26892998

-----------------------------

18

FIRST AMENDED CLASS ACTION COMPLAINT