**LATHAM & WATKINS LLP**
JOSEPH R. WETZEL (SBN 238008)
BRITTANY N. LOVEJOY (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Email: joe.wetzel@lw.com
Email: britt.lovejoy@lw.com

SARANG V. DAMLE (*Pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: sy.damle@lw.com

CORY D. STRUBLE (*Pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: cory.struble@lw.com

*Attorneys for Defendant Together Computer, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DARIUS H. JAMES, JOSIE BROWN, KATIA LIEF, AND JACINDA TOWNSEND GIDES, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TOGETHER COMPUTER, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:25-cv-09578-RFL<br><br>**TOGETHER COMPUTER, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8, Defendant Together Computer, Inc. ("Together AI"), by and through its undersigned attorneys, hereby answers the First Amended Class Action Complaint and Demand for Jury Trial ("Complaint") filed on April 20, 2026 by Plaintiffs Darius H. James, Josie Brown, Katia Lief, and Jacinda Townsend Gides individually and on behalf of others similarly situated, as follows. All allegations not specifically admitted herein are denied.

### OVERVIEW[1]

1. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' copyright ownership, and on that basis denies those allegations.

2. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI admits that it is one of the collaborators that created the RedPajama dataset,[2] a publicly available dataset intended for the purpose of training large language models ("LLMs"). Together AI denies the remaining allegations and characterizations in this paragraph.

3. Together AI admits that artificial intelligence ("AI") can involve software engineered to mimic human-like reasoning and inference through algorithmic processes leveraging statistical models, but that is not the full scope of AI's capabilities.

4. Together AI admits that LLMs are AI software programs designed to reply to user prompts with natural-sounding text outputs, among many other uses.

5. Together AI admits that LLMs are trained by processing vast quantities of text from diverse sources (a "training dataset"), learning generalized statistical patterns and associations within that data, and encoding those abstract representations into a vast array of numerical values known as

---

[1] The various headings and subheadings of the Complaint are not allegations and thus do not require a response. Together AI reproduces them in this Answer solely for convenience. To the extent a response is required, Together AI denies any allegations contained in the headings and subheadings of the Complaint.

[2] As used herein, the RedPajama dataset refers to the dataset known as RedPajama-V1 or RedPajama-Data-1T.

parameters.  Together AI admits that these parameters emerge from the collective structure of the entire training dataset on which an LLM was trained, which given the diversity and the requisite volume of data needed to train an LLM, may include copyrightable content.  Together AI admits that when an LLM generates text in response to a prompt, it performs probabilistic computations over these parameters to produce coherent, contextually relevant output that generalizes from the learned patterns.

6.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' copyright ownership, and on that basis denies those allegations.  Together AI denies all other allegations.

7.  Together AI admits that it has offered an end-to-end solution to help customers build foundational AI models to meet the customers' business needs.  The solution offered by Together AI includes assisting with customers' data discovery and optimization process among other things. Together AI denies the remaining allegations in this paragraph.

8.   The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

9.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

## JURISDICTION AND VENUE

10.  For the purposes of this action, Together AI does not contest subject matter jurisdiction. This paragraph otherwise contains legal conclusions to which no response is required.

11.  For the purposes of this action, Together AI does not contest personal jurisdiction.  This paragraph otherwise contains legal conclusions to which no response is required.  To the extent a response is required, Together AI denies the allegations of this paragraph.

12.  For the purposes of this action, Together AI does not contest venue in this District.  This paragraph otherwise contains legal conclusions to which no response is required.

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT
Case No. 3:25-cv-09578-RFL

**THE PARTIES**

13. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

14. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

15. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

16. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

17. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

18. Together AI admits that it is a Delaware corporation and that its principal place of business is at 251 Rhode Island Street, Suite 200, San Francisco, CA 94103.

19. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

20. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

**FACTUAL ALLEGATIONS**

21. Together AI admits that it contributes leading open-source research, models, and datasets to advance the frontier of AI. Its purpose-built AI cloud platform empowers developers and researchers at organizations of all sizes to train, fine-tune, and deploy generative AI models.

22. Together AI admits that it is one of the collaborators that created the RedPajama dataset, which consisted of publicly available datasets compiled by third parties. Together AI further admits that the RedPajama dataset was created specifically for training LLMs. Together AI denies the remaining allegations and characterizations in this paragraph.

23. Together AI admits that when released in April 2023, the RedPajama dataset contained a subset of the Books3 dataset. To the extent the allegations in this paragraph purport to quote from the document cited in a footnote, the document speaks for itself. Together AI otherwise lacks

knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

24. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

25. Together AI denies that it considered whether to obtain books from what Plaintiffs refer to as "Shadow Libraries" for use in the RedPajama dataset and/or for use in training and developing LLMs for its customers or public release. Together AI denies that it considered whether to obtain books through the use of Common Crawl and/or other web crawlers.

26. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

27. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

28. Together AI admits that when released in April 2023, the RedPajama dataset contained a subset of the Books3 dataset. Together AI denies the remaining allegations and characterizations in this paragraph.

29. Together AI admits that the RedPajama dataset contains a subsection for Books. When the RedPajama dataset was released in April 2023, a subset of the Books3 dataset was one of the datasets included in the Books section. To the extent the allegations in this paragraph purport to quote from or characterize information contained in the document cited in a footnote, the document speaks for itself. Together AI otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

30. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

31. Together AI admits that on April 17, 2023, it published a blog post acknowledging itself as a collaborator on the RedPajama dataset and announced the RedPajama project publicly on the X platform. Together AI denies the remaining allegations and characterizations in this paragraph.

32. Together AI admits that its April 17, 2023 blog post announcing the creation of the RedPajama dataset provided a link to download the dataset on its Hugging Face

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT
Case No. 3:25-cv-09578-RFL

"togethercomputer" profile page. To the extent the allegations in this paragraph purport to quote from or characterize information contained in the blog post cited in footnotes, the blog post speaks for itself.

33. Together AI admits that the Hugging Face webpage for downloading the RedPajama dataset currently states: "The 'book' config is defunct and no longer accessible due to reported copyright infringement for the Books3 dataset contained in this config." Together AI admits that the RedPajama dataset released in April 2023 contained a subset of the Books3 dataset. Books3 was removed from the RedPajama dataset on April 12, 2024. Together AI denies the remaining allegations and characterizations in this paragraph.

34. To the extent the allegations in this paragraph purport to quote from or characterize information contained in the document cited in a footnote, the document speaks for itself. Together AI admits that the purpose of its dataset is for others to train their LLMs. Together AI otherwise denies the allegations and characterizations in this paragraph.

35. Together AI admits that the RedPajama dataset released in April 2023 contained a subset of the Books3 dataset. Together AI lacks knowledge or information sufficient to admit or deny any allegations about the works of Plaintiffs and alleged members of the class, and on that basis denies them. Together AI denies the remaining allegations and characterizations in this paragraph.

36. Together AI admits that the blog post it published on May 9, 2023 about the RedPajama-INCITE models (not the RedPajama dataset) provides examples of the "interest" received from third parties, including Chai Research, about one of the models. The blog post notes: "Chai Research, the provider of a social chatbot platform, announced a contest to create the best chatbot by fine-tuning RedPajama-INCITE-3B, with a $1M prize for the winner!" Together AI denies the remaining allegations and characterizations in this paragraph.

37. Together AI admits that it reported the RedPajama dataset was downloaded more than 190,000 times as of October 30, 2023. Together AI denies the remaining allegations and characterizations in this paragraph.

38. Together AI admits that certain other companies used the RedPajama dataset to train and develop LLMs. Together AI lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

39. Together AI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

## CLASS ALLEGATIONS

40. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

41. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

42. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

43. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

44. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

45. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

46. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

## FIRST CAUSE OF ACTION

**Direct Copyright Infringement**

**(17 U.S.C. § 501)**

**(On Behalf of Plaintiffs and the Class)**

47. Together AI incorporates by reference its response to all allegations set forth in paragraphs 1–46 as if fully set forth herein.

48. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI lacks knowledge or information

sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' copyright ownership, and on that basis denies those allegations.

49. Together AI admits that the RedPajama dataset released in April 2023 contained a subset of the Books3 dataset. Together AI lacks knowledge or information sufficient to admit or deny any allegations about the works of and alleged members of the class, and on that basis denies them. Together AI denies the remaining allegations and characterizations in this paragraph.

50. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

51. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

52. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

53. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

54. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

55. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

### (17 U.S.C. § 501 et seq.)

### (On behalf of Plaintiffs and the Class)

56. Together AI incorporates by reference its response to all allegations set forth in paragraphs 1–55 as if fully set forth herein.

57. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

58. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

59. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

60. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

61. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Together AI denies the allegations of this paragraph.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Together AI denies that Plaintiffs or alleged members of the class are entitled to each of the requested relief, or to any relief whatsoever.

a. In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

b. In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

c. In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

d. In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

e. No response is required because this prayer for relief has been stricken pursuant to the Joint Stipulation and Order entered on May 21, 2026 (Dkt. 53).

f. No response is required because this prayer for relief has been stricken pursuant to the Joint Stipulation and Order entered on May 21, 2026 (Dkt. 53).

g. No response is required because this prayer for relief has been stricken pursuant to the Joint Stipulation and Order entered on May 21, 2026 (Dkt. 53).

h. In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

i. In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

j.    In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

k.    In response to the Prayer for Relief, Together AI denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

## JURY TRIAL DEMAND

Together AI states that no response is required.  To the extent a response is deemed required, Defendant denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Complaint, Together AI asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs.  Together AI reserves the right to supplement or amend these defenses during and after the course of discovery, and does not knowingly or intentionally waive any applicable affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

### (No Class Should be Certified)

No class should be certified because Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims fail, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Together AI.

### THIRD AFFIRMATIVE DEFENSE

### (Wholly or Partially Invalid Copyright)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' copyrights are wholly or partially invalid on one or more grounds, including lack of originality, the idea/expression dichotomy, the merger doctrine, the scènes à faire doctrine, under 17 U.S.C. § 102(b), or any other ground for invalidity.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalid Copyright Registrations)

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs lack Article III standing and cannot show, on a work-by-work basis, that Plaintiffs have legal or beneficial ownership sufficient to establish standing to sue for copyright infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (No Actionable Copy)

To the extent Plaintiffs assert additional copies of the literary works at issue are made as part of the creation of the RedPajama dataset, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to show that alleged copies exist for more than a transitory duration.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Volitional Conduct)

Together AI did not have the volition required to be liable for copyright infringement.

## EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis* Copying)

To the extent there is copying of copyrightable expression, that copying is de minimis.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' remedies are barred, at least in part, by the applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Exhaustion)

Plaintiffs' claims fail, in whole or in part, because Plaintiffs are barred by the first sale doctrine, and copyright exhaustion principles, under 17 U.S.C. § 109.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

Plaintiffs' claims fail, in whole or in part, because to the extent there is any unauthorized copying of Plaintiffs' registered copyrighted works, that copying constitutes fair use under 17 U.S.C. § 107.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Implied/Express License)**

Plaintiffs' claims fail, in whole or in part, because the complained-of use was authorized by express or implied license.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Acquiescence, Laches)**

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, acquiescence, and laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Copyright Misuse/Unclean Hands)**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Abandonment)**

Plaintiffs' claims are barred, in whole or in part, to the extent the copyrights at issue have been abandoned.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Predicate Act of Direct Infringement)**

Plaintiffs' contributory infringement claim is barred because there is no direct infringement.

DEFENDANT'S ANSWER TO FIRST
AMENDED COMPLAINT
Case No. 3:25-cv-09578-RFL

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Limits to Statutory Damages Based on 17 U.S.C. § 504(c)(1))

To the extent Plaintiffs establish any act of infringement, Plaintiffs' remedies are limited to the extent Plaintiffs assert works that have either been registered in or sold as a compilation or collective work.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. *See* 17 U.S.C. § 504(c)(2).

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

To the extent Plaintiffs establish any act of infringement, that infringement was not willful. Together AI had and still has the reasonable, sincere belief that compiling data to train LLMs constitutes fair use, and therefore, is not an infringement of copyright.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Contribution, Double Recovery, Value Already Received)

To the extent Plaintiffs have been compensated in relation to the works at issue, Plaintiffs are barred by the prohibition against double recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs are barred from recovery of damages because of and to the extent of Plaintiffs' failure to mitigate Plaintiffs' alleged damages (to which, in any event, Plaintiffs are not entitled).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Limits to Statutory Damages Based on the Windfall Principle)

To the extent Plaintiffs establish any act of infringement, Plaintiffs are at most entitled only to the minimum statutory damages on Plaintiffs' claims because Plaintiffs cannot substantiate actual damages on a work-by-work basis and because the actual economic value of an individual

work is negligible.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Due Process and Other Constitutional Limitations)

To the extent Plaintiffs seek damages that are disproportionately higher than compensatory damages, Plaintiffs' remedies are limited by the Due Process Clause of the Fifth Amendment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

Plaintiffs failed to state facts sufficient to support a claim for injunctive relief, including because any injury to them is not irreparable, there is an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## RESERVATION OF ADDITIONAL DEFENSES

Together AI's investigation of the claims and its defenses is continuing. Together AI has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter.  Together AI reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

Therefore, Together AI respectfully requests that this Court:

1. Enter judgment in Together AI's favor and against Plaintiffs;

2. Deny certification of any class;

3. Dismiss the claims by Plaintiffs with prejudice;

4. Award Together AI its costs of suit;

5. Award Together AI its attorneys' fees to the extent permitted by law; and

6. Grant Together AI such other and further relief as this Court deems just and proper.

Dated:  June 3, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Joseph R. Wetzel*

Joseph R. Wetzel (Bar No. 238008)
joe.wetzel@lw.com
Brittany N. Lovejoy (Bar No. 286813)
brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

Sarang V. Damle (*Pro hac vice*)
sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Cory D. Struble (*Pro hac vice*)
cory.struble@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

*Attorneys for Defendant Together Computer, Inc.*